# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAYMOND T. BARRERAS, JR.,**

      **Plaintiff,**

v.                                                 **Case No: 6:20-cv-1189-RBD-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Motion") (Doc. 19), filed May 4, 2021. Therein, Plaintiff seeks an award of attorney's fees, costs, and expenses amounting to $5,153.17, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth below, I respectfully recommend that the Court grant in part the Motion.

## I. BACKGROUND

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) Subsequently, the Commissioner filed an unopposed motion to remand the case, which the Court granted. (Docs. 16, 17.) Thereafter, Plaintiff filed the instant Motion. (Doc. 19.)

## II.     STANDARDS AND DISCUSSION

### A. Eligibility for an Award of Attorney's Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees; and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A plaintiff is eligible for an attorney's fee award where: (1) the plaintiff is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the plaintiff filed a timely application for attorney's fees; (4) the plaintiff had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is

---

[1] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment).

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Doc. 17.) The request for fees was timely since it was filed on May 4, 2021, 90 days after the Clerk's entry of judgment. (Docs. 18, 19.) Additionally, Plaintiff avers that his net worth was less than two million dollars at the filing of the Complaint (Doc. 19 at 3) and that the Commissioner's position was not substantially justified. (*Id.* at 4.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of attorney's fees, the remaining issue is whether the requested amount of fees is reasonable.

### B. Reasonableness of the Attorney's Fees

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-

PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff seeks an EAJA award for 18 hours of attorney time incurred in this case by Attorney Suzanne Harris. (Doc. 19 at 4–5.) After reviewing a description of the activities performed in relation to this matter,[2] the Court determines that 18 hours is reasonable in this case. (Doc. 19-2.) The majority of the time was spent reviewing the transcript and drafting a portion of the Joint Memorandum. (*Id.*)

---

[2] The undersigned notes that on November 24, 2020, Ms. Harris billed for reviewing a proposed motion to remand "offered by Defendant." (Doc. 19-2 at 2.) Curiously, Ms. Harris then billed 17.5 hours working on the joint memorandum the following January, days before the Commissioner ultimately filed the unopposed motion to remand on February 1, 2021. (*Id.*; Doc. 16.) The Court granted that motion the following day. (Doc. 17.) Although the Commissioner does not oppose Plaintiff's requested attorney's fees, the undersigned hopes that, in the future, if the parties agree to a remand of a case prior to drafting the joint memorandum, the attorneys will work to avoid a situation like the one presented here.

Moreover, the requested hourly rate of $202.34 is reasonable.[3] (Doc. 19 at 4–5.) Plaintiff uses the Consumer Price Index–South–All Urban Consumers to reach this amount. The undersigned has previously found this index to most accurately reflect the increase in the cost of living in the Orlando area. *Alzamore v. Comm'r of Soc. Sec.*, No. 6:18-cv-618-ORL-41EJK, Doc. 28 at 5–6 (M.D. Fla. Oct. 4, 2019). Further, the Commissioner does not oppose this fee amount. (Doc. 19.) Therefore, the undersigned recommends a fee award of $3,642.12 for Attorney Harris.

Plaintiff also seeks an EAJA award for 4.2 hours of attorney time for attorneys not admitted to the Middle District of Florida and 5.4 hours of paralegal time as follows:

| Name | Status | Rate | Hours | Total |
|---|---|---|---|---|
| Howard D. Olinsky | Attorney, not admitted to M.D. Fla. | $125.00 | 2.5 | $312.50 |
| Matthew McGarry | Attorney, not admitted to M.D. Fla. | $125.00 | 1.7 | $212.50 |
| Jordan Harcleroad | Paralegal | $100.00 | 1.7 | $170.00 |
| Alycia Carosella | Paralegal | $100.00 | .6 | $60.00 |
| Krista Eckersall | Paralegal | $100.00 | .6 | $60.00 |

---

[3] Plaintiff actually requests an hourly rate of $203.94. (Doc. 19-16 (showing calculation using a March 1996 CPI of 152.4).) The CPI index for Southern region of the United States may be found at https://data.bls.gov/cgi-bin/surveymost?cu. The undersigned uses the annual 1996 CPI of 153.6, as opposed to the CPI in March 1996. Thus, the undersigned finds that the hourly rate is calculated by determining the percentage increase of the CPI from 1996 to 2020, and adjusting the EAJA $125 fee cap accordingly. Thus, the 2020 calculation is as follows: $(((248.639 - 153.6)/153.6)) + 1) \times \$125 = \$202.34$.

| Name | Status | Rate | Hours | Total |
|---|---|---|---|---|
| Catherine Fiorini | Paralegal | $100.00 | 1.5 | $150.00 |
| Almira Husejnovic | Paralegal | $100.00 | .4 | $40.00 |
| Shannon Persse | Paralegal | $100.00 | .6 | $60.00 |
|  |  |  |  | $1,065.00[4] |

The Court has reviewed the time sheets for each of the above individuals and finds that they are reasonable, particularly in light of the Commissioner's non-opposition.

As to the hourly rates, "the prevailing market rate for social security appeals for attorneys not admitted to practice in the Middle District of Florida is the reasonable hourly rate of a paralegal for social security appeals." *Schoenfeld*, 2018 WL 5634000, at *1. Moreover, paralegal time is compensable under the EAJA at the prevailing market rate. *Richlin Sec. Serv. Co. v. Chertoff*, 533 U.S. 571, 581 (2008).

While several courts in this District have awarded paralegals and non-admitted attorneys $75.00 per hour, *see Shoenfeld*, 2018 WL 55634000, at *1 (citing cases), other courts in Florida have awarded fees up to the statutory maximum of $125.00, *see Advanced Diabetes Treatment Ctrs. v. Sebelius*, No. 09-61698, 2012 U.S. Dist. LEXIS 151156, at *47 (S.D. Fla. Sept. 20, 2012). Here, because the Commissioner did not object to the rate of $125 for non-admitted attorneys and $100 for paralegals, and because the rate does not exceed the statutory maximum, the undersigned

---

[4] Although Plaintiff submitted a time sheet for paralegals Jullian Latocha and Erin Tucker, Plaintiff does not seek any fees associated with their work on the file. (Doc. 19-11;19-12.)

recommends that the Court award the fees at Plaintiff's requested hourly rates.

### C. Expenses and Costs

Plaintiff also seeks to recover expenses in the amount of $17.25 for certified mail charges related to the Service of Process documents sent to the Clerk's office and Defendant's office. (Doc. 19-13.) The undersigned finds this expense is appropriate under the EAJA. 28 U.S.C. § 2412(d)(1)(A). He also seeks $400 in costs for the filing fee to initiate this action. (Doc. 19-14.) Federal Rule of Civil Procedure 54(d)(1) allows for costs against the United States, its officers, and its agencies to be imposed to the extent allowed by law. The undersigned finds the request for costs is compensable under 28 U.S.C. § 2412(a)(1).

### III.   RECOMMENDATION

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT IN PART** the Motion (Doc. 19);
2. **AWARD** Plaintiff $4,707.12 in attorney's fees, $400.00 in costs, and $17.25 in expenses, for a total award of **$5,124.37**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on August 2, 2021.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record